*HAROLD D. DENNIS v. ALBERT R. LANDRETH, JR., ET AL.

1. TEARING OFF SIGNATURE BY PARTY TO OPTION FOR CANCELLATION OF LEASE NO REVOCATION UNLESS ACQUIESCED IN BY OTHER PARTY.

   A written option for cancellation of a lease is not revoked by the landlord's tearing off his signature thereto on the day of acceptan·e, in the absence of acquiescence and consent by the tenants; whether the revocation was acquiesced in by the tenants is a question of fact for a jury; hence a verdict for the tenants will not be reversed.

2. DENIAL OF PUBLIC RECORD "FOR WANT OF KNOWLEDGE" INSUFFICIENT TO PUT OPPOSITE PARTY TO PROOF THEREOF.

   A denial of a public record "for want of knowledge," in an answer to an averment that plaintiffs had filed their certificate of partnership as required by law, is insufficient to put plaintiffs upon proof thereof.

[Proof of this decision was submitted to Judge Henry and corrected.—Ed.]

ERROR to common pleas court.

*C. F. Morgan,* for plaintiff in error.

*Affirmed, no op., *Dennis* v. *Landreth,* 74 O. S. 450.

Dennis v. Landreth.

### HENRY, J.

This cause is here on error, the parties being reversed. The defendants in error were partners doing business as the Mason Supply and Seed Company. As such they leased from plaintiff in error the premises where they did business. At the request of plaintiff in error, they gave him a written option for the cancellation of the lease on payment of $700, and said option was subsequently, in writing, accepted, but the $700 was never paid and the action below was begun to recover the same. The plaintiff in error claims, however, that on the afternoon of the day he accepted the option, he went to his tenant's office and there with their acquiescence and consent revoked his acceptance by tearing his signature from the said writing. The sole issue of fact was whether defendants in error acquiesced and consented. The jury found they did not, and we think the evidence justifies the verdict. It is said that the charge was erroneous, but having read it carefully, we think otherwise. Another claim of error is founded upon the failure of plaintiffs below to offer any evidence in support of the averment in their petition that they had duly filed their certificate of partnership as required by law. The answer's only denial of this averment is upon the ground of alleged "want of knowledge," and we think that such denial of a public record is insufficient to put the opposite party upon his proof thereof. The judgment below is affirmed.

**Marvin** and **Winch, JJ.,** concur.